UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
TASHIMA B-ASIA WRIGHT,

                              Plaintiff,

                                                          **MEMORANDUM & ORDER**
             - against -                                       22-CV-3310 (PKC)

FRANK BISIGNANO,[1]

                              Defendant.
--------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Tashima B-Asia Wright filed this action pursuant to 42 U.S.C. § 405(g) to

challenge an adverse determination by the Social Security Administration ("SSA"), which had

denied Plaintiff benefits.  After the parties filed cross-motions for judgment on the pleadings, the

Court granted Plaintiff's motion and remanded the case to the SSA, where Plaintiff was awarded

roughly $96,803.00 in past-due benefits.  Plaintiff now moves for $24,200.75 in attorney's fees

pursuant to 42 U.S.C. § 406(b).  For the reasons explained below, Plaintiff's motion is granted and

Plaintiff's counsel, Pierre Pierre Law. P.C. ("Pierre Pierre"), is awarded $24,200.75.

## BACKGROUND

After Plaintiff was denied benefits at the agency level, Plaintiff, represented by Pierre

Pierre, filed this action on June 6, 2022.  (Compl., Dkt. 1.)  After the parties filed cross-motions

---

[1] Although the docket currently lists as the sole defendant Kilolo Kijikazi, who was previously the Acting Commissioner of the United States Social Security Administration, Frank Bisignano became the Commissioner of the United States Social Security Administration on May 7, 2025.  *See Social Security History,* Soc. Sec. Admin., https://www.ssa.gov/history/bisignano.html (last visited July 16, 2026).  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 205(g).

for judgment on the pleadings, (*see* Pl.'s Mot. J. Pleadings, Dkt. 12; Def.'s Mot. for J. on the Pleadings, Dkt. 16), the Court granted Plaintiff's motion and remanded the case to the SSA, (*see* 09/28/2023 Mem. & Order, Dkt. 18, at 15).  The Court then awarded Plaintiff's counsel $8,850.40 in attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Order, Dkt. 26.)  On October 5, 2025, the SSA mailed Plaintiff a Notice of Award letter informing her that she would receive approximately $96,803.00 in past-due benefits, with 25% of that amount ($24,200.75) withheld as possible fees for her attorney.  (*See* Notice of Award Letter ("Award Ltr."), Dkt. 29-3, at 3.)[2]

On October 12, 2025, Plaintiff filed this motion seeking $24,200.75 in attorney's fees for counsel's work performed before this Court.  (*See* Mot. for Att'y's Fees, Dkt. 27, at 1.)  Along with Plaintiff's motion, counsel submitted a fee agreement, (Retainer Agreement & Assignment ("Fee Agreement"), Dkt. 29-1), demonstrating that Plaintiff retained Pierre Pierre on a 25% contingency-fee basis, and itemized time records, (Case Hours, Dkt. 29-2), indicating that Pierre Pierre spent a total of 44.71 hours litigating this matter before this Court.  (*Id.* at ECF[3] 1–3.)  Of those 44.71 hours, 36.55 hours were billed by attorneys, and 8.16 hours were billed by paralegals. (*Id.*)

---

[2] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved [attorneys'] fee," and in this case, was withholding $24,200.75.  (Award Ltr., Dkt. 29-3, at 3.)  Based on this information, the Court infers that the total amount of benefits Plaintiff received was $96,803.00, *i.e.*, 4 × $24,200.75.

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**DISCUSSION**

**I.      Timeliness**

Motions for attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act ("Section 406(b)") must be filed within the 14-day filing period prescribed by Federal Rule of Civil Procedure ("Rule") 54(d).  *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019).  The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing."  *Id.* at 87–89 & n.5 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)).

Plaintiff's counsel received the notice of benefits award on October 6, 2025.  (Award Ltr., Dkt. 29-3, at 1.)  The instant motion was filed on October 12, 2025.  (*See* Mot. Att'y's Fees, Dkt. 27.)  It is thus timely filed.

**II.     Reasonableness of the Requested Fee**

    **A.      Legal Standard**

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness only.  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) "the character of the representation and the result the representative achieved;" (2) "whether a claimant's counsel is responsible for undue delay," unjustly allowing counsel to obtain a percentage of additional

past-due benefits;[4] and (3) whether the requested amount is so "large in comparison to the amount of time that counsel spent on the case" as to be a "windfall" to the attorney. *Id.* at 849 & n.2, 853 (citations omitted).

The windfall factor is not equivalent to the traditional lodestar inquiry, where the Court is called on to act as an arbiter of 'reasonableness' between the "opposing interests of the prevailing plaintiffs and losing defendants." *Id*. at 854 (quoting *Wells v. Sullivan*, 907 F.2d 371 (2d Cir. 1990)).   Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* (citation omitted).  Courts will also consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level;" (3) "the satisfaction of the disabled claimant;" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.  Ultimately, a district court may reduce the amount called for in the contingency fee agreement after considering the factors outlined above "only when [the court] finds the amount to be unreasonable." *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v.*

---

[4] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake.  Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citations omitted)).

4

*Barnhart*, 535 U.S. 789, 796 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

## B.    Application

Here, Plaintiff retained Pierre Pierre pursuant to a 25% contingency-fee agreement.  (Fee Agreement, Dkt. 29-1, at ECF 1.)  There are no allegations of fraud or overreaching with respect to the retainer agreement.  Pierre Pierre now seeks the full 25% of Plaintiff's past-due benefits, that is, $24,200.75.  At 36.55 hours of work, that would be an effective hourly rate of $662.13.[5] For the reasons explained below, the Court finds that amount to be reasonable in the context of this case.

To determine reasonableness, the Court first considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849.  Counsel's briefing was professional and identified infirmities in the SSA's decision, (*see* Pl.'s Mem. Supp. Mot. J. Pleadings ("Pl.'s Pleadings Mem."), Dkt. 13, at 15–25 (arguing that the Administrative Law Judge's ("ALJ") residual functional capacity determination erred by overlooking Plaintiff's treating physician's opinion)).  The Court agreed with counsel's argument and subsequently remanded the case, (*see* Mem. & Order, Dkt. 18 (granting remand because the ALJ improperly discounted Plaintiff's treating physician's opinion and ignored other relevant medical evidence)).

---

[5] Here, counsel does not request that the 8.16 hours of work performed by Pierre Pierre's paralegals be included in calculating the hourly rate. (Mem. Supp. Mot. Att'y Fees ("Pl.'s Mem."), Dkt. 28, at 4.)  The Court adopts counsel's approach and considers only the hours billed for attorney work. *See also Brown v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-3358 (PK), 2025 WL 1207660, at *4 (E.D.N.Y. Apr. 25, 2025) (not considering paralegal hours where counsel did not request it); *Hill v. Comm'r of Soc. Sec.*, No. 20-CV-3821 (PKC), 2023 WL 4827265, at *1 (E.D.N.Y. July 27, 2023) (same).

The Court finds that counsel's help aided Plaintiff in succeeding in her benefits claim. Thus, this factor does not warrant a downward adjustment.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Fields*, 24 F.4th at 849. There is no evidence counsel was responsible for a delay. Rather, all pertinent delays were caused by Defendant, (*see* Dkt. 8 (requesting extension to file the administrative transcript)). This factor does not warrant a downward adjustment.

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall and concludes that it does not. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court believes that 36.55 hours was a reasonable amount of time to spend on this matter. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98. 24 F.4th at 854. Here, counsel reviewed a transcript of 1,645 pages, (*see* Dkt. 11), drafted an opening brief of 32 pages, (Pl.'s Pleadings Mem., Dkt. 13), and a reply brief, (Dkt. 17). Pierre Pierre performed nearly double the amount of work as professed to in *Fields* in fewer than double the number of hours. Accordingly, this factor does not warrant a downward adjustment.

Second, the Court considers "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855. For example, in *Fields*, the plaintiff's counsel had represented him from the start of his agency proceedings, including four separate hearings before ALJs and multiple petitions to the SSA Appeals Council.

This level of representation enabled counsel to efficiently brief its arguments before the district court, which distinguished the case from some other decisions that had found a windfall. *See id.* at 855. Here, however, Plaintiff retained Pierre Pierre solely for the purpose of appealing her denied benefits to this Court and any following proceedings before the SSA, (*see* Fee Agreement, Dkt. 29-1). Generally, where counsel "did not have the type of attorney-client relationship built over multiple rounds of representation before the agency and court that the Second Circuit highlighted in *Fields*," a slight downward adjustment to the award might be warranted. *See Casella v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-6414 (LDH) (RML), 2025 WL 4664739, at *4 (E.D.N.Y. July 10, 2025) (quoting *Munoz v. Comm'r of Soc. Sec.,* No. 20-CV-2496 (KAM), 2023 WL 5310742, at *3 (E.D.N.Y. Aug. 17, 2023)). But here, given that the number of hours Pierre Pierre worked was not greater than necessary and the adjusted hourly rate it requests is relatively low, the Court finds that this factor does not warrant a downward adjustment in this case. *See Tastan v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-1831 (NRM) (ARL), 2025 WL 1640539, at *4 (E.D.N.Y. Feb. 20, 2025) (finding no downward adjustment necessary where "the number of hours [counsel] spent was not greater than necessary and the de facto hourly rate is relatively low"); *Stovall v. Berryhill*, No. 16-CV-5129 (NG), 2022 WL 798160, at *3 (E.D.N.Y. Mar. 16, 2022) (finding no downward adjustment necessary where attorney who did not represent plaintiff before the SSA worked 31.3 hours).

Third, the Court presumes that Plaintiff is satisfied with the results, given the size of the award and the absence of evidence to the contrary. Plaintiff received her desired outcome, a reward of past-due and future benefits, and counsel was not responsible for any delays that may have warranted dissatisfaction. Therefore, this factor does not justify a downward adjustment. *See Casella*, 2025 WL 4664739, at *4 (finding no downward adjustment necessary where plaintiff's

7

action was a success and there was no evidence of dissatisfaction); *Goodwin v. Comm'r of Soc. Sec. Admin.,* No. 24-CV-1139 (NRM) (SIL), 2026 WL 41232, at *3 (E.D.N.Y. Jan. 7, 2026) (same); *Schmidt v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-3594 (KAM), 2025 WL 2689478, at *4 (E.D.N.Y. Sep. 19, 2025) (same).

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *Fields*, 24 F.4th at 855, the Court notes that it was readily discernible that the ALJ's decision was not supported by substantial evidence and that remand was necessary.  However, "given the initial denial by the SSA, the award of benefits was not guaranteed." *Tastan*, 2025 WL 1640539, at *4.  This factor does not warrant a downward adjustment, especially "[i]n light of the reasonableness of counsel's *de facto* hourly rate."  *See id.*

For the reasons explained above, the Court finds the requested amount to be reasonable. Additionally, upon receiving the Section 406(b) award, Pierre Pierre must remit the $8,850.40 received pursuant to the EAJA to Plaintiff.

## CONCLUSION

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Pierre Pierre is awarded $24,200.75.  Upon receipt of this award from the government, Pierre Pierre shall promptly refund Plaintiff $8,850.40, which represents the EAJA fees already received by counsel.  The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 16, 2026
        Brooklyn, New York

8